MICHAEL F. HEALY (SBN 95098)
mfhealy@shb.com
EDWARD GAUS (SBN 289561)
egaus@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
Telephone:     415.544.1900
Facsimile:     415.391.0281

BRYAN T.  PRATT (admitted *Pro Hac Vice*)
bpratt@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone:     816.559.6550
Facsimile:     816.421.5547

Attorneys for Defendant
MEDTRONIC INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN PETTIBONE, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>MEDTRONIC, INC., and DOES 1-20 INCLUSIVE,<br><br>        Defendant. | Case No.4:21-cv-02599-YGR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>**DATE:**      October 4, 2021<br>**TIME**:      2:00 p.m.<br>**COURTROOM:** 1, 4th FL<br><br>**Honorable Yvonne Gonzalez Rogers** |

Pursuant to Federal Rules of Civil Procedure 16(b) and Northern District Local Rule 16-10, and the Standing Orders of Judge Yvonne Gonzalez Rogers, Plaintiff Glen Pettibone ("Plaintiff") and Defendant Medtronic, Inc.  ("Defendant") submit this Joint Case Management Statement ahead of the Case Management Conference, currently set for October 4, 2021.   Counsel for the parties met and conferred telephonically on September 27, 2021.

## I.   JURISDICTION AND SERVICE

This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 because it is a civil action between citizens of different states and citizens of a state and citizens of a foreign state, and the amount in controversy exceeds the sum or value of seventy-five thousand dollars, exclusive of costs and interest.  There are no existing issues with jurisdiction or venue.  At this time, no other named parties remain to be served.

## II.   FACTS

Plaintiff alleges that on February 14, 2020, Dr. Dean Chou of UCSF Medical Center performed a cervical spine anterior fusion surgery on Plaintiff, which included the implantation of an Atlantis Vision Elite 7200040 cervical plate and six polyaxial Atlantis Translational 4x1 5mm Self-tap 3120315 surgical screws (hereafter "ATLANTIS SCREWS" or collectively "ATLANTIS SPINE SYSTEM").  The ATLANTIS SCREWS and ATLANTIS SPINE SYSTEM were designed, manufactured and marketed by Medtronic, Inc.

Plaintiff further alleges that in the summer of 2020, he experienced pain in the area of the implant that steadily increased and when the pain became worsened he sought out medical care. On September 29, 2020, he obtained x-rays and the x-rays showed that two of the six ATLANTIS SCREWS had broken.  On October 7, 2020, Dr. Chou performed a revision surgery on Plaintiff to replace the ATLANTIS SPINE SYSTEM and the two broken ATLANTIS SCREWS.

## III.   LEGAL ISSUES

Plaintiff claims that the Atlantis screws at issue suffered a manufacturing defect following Plaintiff's February 4, 2020 surgery. Plaintiff also alleges that screws used in Defendant's Atlantis Spine System were defectively designed and contained inadequate warnings. In addition, Plaintiff also alleges the product failed to conform to warranties, both express and implied, and that Defendant breached a duty of care to Plaintiff.

Defendant claims Plaintiff's broken screws are a well-known and recognized risk of Plaintiff's spine surgery that Defendant warns about.  Defendant will argue that there is no evidence that the cervical plate system, and specifically the screws, contained a manufacturing or design defect at the time it left its possession, during Plaintiff's surgery, or thereafter.  Further, Defendant

will argue that even if Plaintiff could prove that a manufacturing or design defect was present, Plaintiff cannot prove that any defect was the legal cause of Plaintiff's injuries. Defendant will also argue that the warnings that accompanied the cervical plate system were adequate and that, under California's learned intermediary doctrine, it fulfilled its legal obligations by providing adequate warnings to Plaintiff's surgeon. Finally, Defendant will argue that the product, at all times, conformed to all warranties accompanying the product.

## IV.   MOTIONS

Plaintiff's original Complaint was filed on March 8, 2021 in Contra Costa County Superior Court, naming Medtronic, Inc. as Defendant. Defendant filed a Notice of Removal April 9, 2021. Defendant filed a Motion to Dismiss the Complaint on April 16, 2021. Plaintiff filed its First Amended Complaint on June 25, 2021. Defendant filed a Motion to Dismiss the First Amended Complaint on July 9. 2021. Defendant's Motion to Dismiss is currently pending before this Court.

## V.   AMENDMENT OF PLEADINGS

Depending on the Court's ruling on Defendant's Motion Dismiss, no additional amendments of the Complaint are appropriate at this time.

## VI.   EVIDENCE PRESERVATION

The parties have met and conferred pursuant Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties have reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI").

## VII.   DISCLOSURES

Plaintiff has provided an initial, limited set of his medical records. The parties will provide conflicts, initial disclosures pursuant to Fed. R. Civ. P. 26 once an Answer has been filed. Defendant's initial disclosures will include, among other documents, relevant product materials. Plaintiff has agreed to voluntarily produce relevant medical records.

**VIII.  DISCOVERY**

The parties have cooperatively engaged in limited informal discovery, but have yet to initiate written discovery in this matter.  The parties agree that formal written discovery should commence after Defendant has answered the Complaint or as soon as the Court permits.  At this time, the parties are conferring regarding the need and form of a Stipulated Protective Order.

**IX.    CLASS ACTIONS**

This matter is not a class action.

**X.     RELATED CASES**

None at this time.

**XI.    RELIEF**

Plaintiff seeks the following categories of damages, according to proof: 1) Past and future physical pain and suffering; 2) Past and future medical bills and expenses; 3) Loss of earnings and earning capacity; 4) Costs of suit; and 5) Any further relief to which Plaintiff may be entitled.

**XII.   SETTLEMENT AND ADR**

The parties have not yet engaged in any settlement discussions.  Given that the case is in its infancy, the parties will revisit the possibility of ADR procedures once Defendant's Motion to Dismiss has been decided and the case is further along.

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have not unanimously consented to proceed under a magistrate judge for all purposes resulting in the Order Reassigning the case to Judge Yvonne Gonzalez Rogers.

**XIV.   OTHER REFERENCES**

As mentioned in section XII, "Settlement and ADR", the parties will revisit the possibility of ADR procedures once this case is further along.  The ADR Certification by Parties and Counsel has been filed by the parties.

**XV.    NARROWING OF ISSUES**

At this time, the parties have not yet discussed what issues can be narrowed through agreement of the parties.  The parties anticipate that issues can be narrowed once Defendant files its responsive pleading in this action and some formal discovery has occurred.

**XVI.** **EXPEDITED TRIAL PROCEDURES**

The parties agree that this case is not appropriate for this Court's Expedited Trial Procedures.

**XVII.** **SCHEDULING**

The parties propose the following schedule for trial in this matter:

| DEADLINE | PLAINTIFF PROPOSES |
|---|---|
| Fact Discovery Cutoff | October 28, 2022 |
| Designation of Experts | December 8, 2022 |
| Designation of Rebuttal Experts | January 6, 2023 |
| Expert Discovery Cutoff | February 1, 2023 |
| Last Day to Hear Dispositive/ Daubert Motions | March 15, 2023 |
| Pretrial conference | June 30, 2023 |
| Trial | July __ , 2023 |

**XVIII.** **TRIAL**

The parties propose a trial date starting July__, 2023.  Trial is expected to run for 10-14 days.

**XIX.** **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties contemporaneously filed a "Certification of Interested Entities or Persons" required by Local Rule 3-15.

**XX.** **PROFESSIONAL CONDUCT**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

JOINT CASE MANAGEMENT STATEMENT

## XXI.    <u>OTHER MATTERS</u>

None at this time.

Dated:  September 27, 2021

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   */s/ Michael F. Healy*
        Michael F. Healy
        Attorneys for Defendant
        MEDTRONIC, INC.

Dated:  September 27, 2021

Respectfully submitted,

BIRKA-WHITE LAW OFFICES

By:   */s/ David M. Birka-White*
        David M. Birka-White
        Attorneys for Plaintiff
        GLEN PETTIBONE

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:   _____
                HONORABLE YVONNE GONZALEZ ROGERS
                UNITED STATES DISTRICT COURT JUDGE