|  |  |
|---|---|
| **GLEN PETTIBONE,**<br>            Plaintiff,<br>vs.<br>**MEDTRONIC, INC.,**<br>            Defendant. | CASE NO. 21-cv-02599-YGR<br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br>Re: Dkt. No. 20 |

Currently pending is defendant's motion to dismiss the first amended complaint. (Dkt. No. 20.) Having carefully considered the pleadings and the briefing on the motion, and for the reasons stated on the record at the October 18, 2021 case management conference, the Court **GRANTS IN PART AND DENIES IN PART** the motion. Specifically:

First, the motion to dismiss the FAC for impermissible shotgun pleading is **DENIED**. The FAC does not "make 'everyone did everything' allegations," whereby the pleading fails to "'state clearly how each and every defendant is alleged to have violated plaintiff's legal rights.'" *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (quoting district court order); *see, e.g., Espinosa v. Bluemercury, Inc.*, No. 16-CV-7202 (JST), 2017 WL 1079553, at *5 (N.D. Cal. Mar. 22, 2017) ("[A] complaint does not employ impermissible shotgun pleading just because it re-alleges by reference all of the factual paragraphs preceding the claims for relief.").

Second, the motion to dismiss the manufacturing defect claims for failure to plead a manufacturing defect is **DENIED**. Paragraphs 28 through 32 of the FAC allege that two of the surgical screws broke in pieces, *i.e.*, the product varies from apparently identical products, which is sufficient to plead a manufacturing defect. *See Barker v. Lull Eng'g Co.*, 20 Cal.3d 413, 429 (1978) ("For example, when a product comes off the assembly line in a substandard condition it has incurred a manufacturing defect.").

Third, the motion to dismiss the strict liability and negligence claims for failure to allege causation is **DENIED**. Plaintiff is required to allege that the defect caused his injuries, which he

does in Paragraph 23 of the FAC.  Defendant faults plaintiff for failing to allege what caused the defect, which is not required.  *See Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 478 (2001) ("[A] plaintiff must prove that a defect caused *injury*.") (emphasis supplied).

Fourth, the motion to dismiss the negligent design claim for failure to allege an alternative design is **DENIED**.  The California Supreme Court expressly stated that the existence of an alternative design is but one consideration, among others, to demonstrate a design defect.  *See Barker v. Lull Eng'g Co.*, 20 Cal.3d 413, 431 (1978) ("[A] jury may consider, among other relevant factors, . . . the mechanical feasibility of a safer alternative design . . . .").  The existence of an alternative design is not a required element for a negligent design claim and therefore need not be pled.

Fifth, the motion to dismiss the failure to warn claim for failure to allege causation is **GRANTED WITH LEAVE TO AMEND**.  The FAC sufficiently describe the inadequacy of the warnings.  (FAC ¶ 46 ("The ATLANTIS SPINE SYSTEM possessed defective and dangerous characteristics, *as described herein*, which caused damage to Plaintiff, and Defendant[ ] failed to use reasonable care to provide an adequate warning of such characteristics and their dangers to health care providers, including Plaintiff's surgeon, Dr. Chou and patients, including Plaintiff.") (emphasis supplied); *see id.* ¶¶ 28–32 (alleging the dangerous characteristic in detail), ¶ 34 ("Medtronic had or should have had the information available showing frequent fracturing of the screws involved in the ATLANTIS SPINE SYSTEM and that the screws should not have been sold.  Upon information and belief, Defendant[ ] w[as] previously involved with litigation or claims involving substantially similar failures of surgical screws, with sufficient regularity that Defendant[ ] established a claims program for such incidents.").)  However, the FAC fails to sufficiently allege causation.  "To be liable in California, even under a strict liability theory, the plaintiff must prove that the defendant's failure to warn was a substantial factor in causing his or her injury. (CACI No. 1205.)  The natural corollary to this requirement is that a defendant is not liable to a plaintiff if the injury would have occurred even if the defendant had issued adequate warnings."  *Huitt v. Southern California Gas Co.*, 188 Cal. App. 4th 1586, 1604 (2010).  Although the FAC alleges that "Dr. Chou relied upon the marketing materials, warranties, information,

2

claims and/or representations made by Medtronic" as to a litany of information (FAC ¶ 13), nowhere does it specifically allege that Dr. Chou would have acted differently if provided with adequate warnings. Thus, the motion to dismiss the failure to warn claim for failure to allege the contents of the specific warning is **DENIED**, but the motion to dismiss the claim for failure to allege causation is **GRANTED WITH LEAVE TO AMEND**.

Sixth, the motion to dismiss the express warranty claim for failure to identify an express warranty is **DENIED**. "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). Here, the FAC alleges that "[d]efendant[ ] represented to the purchasers, through authorized sales presentations, that the ATLANTIS SPINE SYSTEM sold by [d]efendant[ ] was extraordinarily safe for its intended use and of the highest quality." (FAC ¶ 52.) The FAC further alleges that "[d]efendant[ ] represented to purchases Dr. Chou and UCSF that . . . the ATLANTIS SCREWS would securely and safely attach [to] the cervical plate to Plaintiff's cervical vertebrae." (*Id.* ¶ 53.) The court in *Williams* found similar allegations sufficient. *See Williams*, 185 Cal. App. 3d at 142 ("The complaint substantially complies with these [pleading] requisites. It alleges Beechnut 'utilized the advertising media to urge the use and application of [the subject product] and expressly warranted to the general public including plaintiff herein, that said product was effective, proper and safe for its intended use.'"). The Court likewise finds that the FAC adequately identifies an express warranty.

Seventh, the motion to dismiss the implied warranty claim for lack of privity is **GRANTED WITH LEAVE TO AMEND**. In the implantable medical context, a patient lacks the privity required to establish a claim for breach of implied warranty. *See Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058 (2008) (rejecting implied warranty claim against medical device manufacture because of lack of privity); *Evraets v. Intermedics Intraocular, Inc.*, 29 Cal. App. 4th 779, 788 (1994) (finding plaintiff, who was injured by an implanted intraocular lens, could not maintain a claim for breach of implied warranty against manufacturer because of lack of privity). Here, The FAC alleges that plaintiff relied both on "Dr. Chou's advice in deciding to proceed to

have the ATLANTIS SPINE SYSTEM implanted in him" (FAC ¶ 14) and "upon the skill and judgment of Defendant[ ] and upon the Defendant['s] implied warranties, including the implied warranty of merchantability" (*id.* ¶ 64). However, plaintiff appears to concede that the learned intermediary doctrine applies to his claims. (Opp. at 15 ("[T]he learned intermediary doctrine applies to warranty claims concerning implanted medical devices.").) If, as the doctrine states, the prescribing doctor "stands in the shoes of" plaintiff for purpose of warranties made by defendant, *see Carlin v. Superior Court*, 13 Cal. 4th 1104, 1118 (1996), then plaintiff necessarily relied solely on Dr. Chou's skill or judgment in selecting defendant's product (and not also on defendant's implied warranties). As such, "the lack of privity between [plaintiff] and [Medtronic] bars [his] claim for breach of implied warranty under California law." *Quatela v. Stryker Corp.*, 820 F. Supp. 2d 1045, 1048 (N.D. Cal. 2010); *see also Adams v. I-Flow Corp.*, No. 09-CV-9550 (MR), 2010 WL 1339948, at *4 (C.D. Cal. Mar. 30, 2010) (dismissing breach of warranty claims because the complaint was "devoid of any facts suggesting that plaintiffs relied upon anything other than their physicians skill and judgment in selecting and prescribing" the devices and "[t]here was simply no relationship between the defendant manufacturers and the plaintiffs"). However, counsel is reminded of his Rule 11 obligations. *See Quatela*, 820 F. Supp. 2d at 1048 ("Because there is no indication that [plaintiff] could allege additional or different facts that would demonstrate privity or some exception thereto, no leave to amend will be granted as to the implied warranty claim.").

In light of the foregoing, the motion to dismiss the FAC is **GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND**. The Court hereby **SETS** a compliance deadline for **Friday, November 5, 2021**. **Five (5) business days** before this date, plaintiff shall file either a notice that he intends to stand on the current pleadings or a second amended complaint. Defendant shall have no more than **two (2) weeks** thereafter to respond to the filing.

This Order terminates Docket Number 20.

**IT IS SO ORDERED.**

Dated: October 20, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**