UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GLEN PETTIBONE,<br><br>    Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC.,<br><br>    Defendant. | Case No. 21-cv-02599-YGR (RMI)<br><br>**ORDER RE: PLAINTIFF'S REQUEST TO FURTHER EXTEND THE DISCOVERY CUT-OFF DATE**<br><br>Re: Dkt. No. 50 |

On June 27, 2022, this case was referred to the undersigned for the resolution of discovery disputes (*see* dkt. 48). The first of such disputes focuses on Plaintiff's request to extend the discovery cut-off date (*see* dkts. 47, 50). In short, Plaintiff requested a 60-day extension of the fact discovery cut-off date – from July 1, 2022, to August 30, 2022. *See* Pl.'s Admin. Mot. (dkt. 41) at 2. Judge Gonzalez Rogers granted that request in part, extending the deadline from July 1, 2022, to July 18, 2022, while referring the matter to the undersigned such as to advise the court whether or not the further extension is warranted by rendering findings as to whether Defendant caused the delays of which Plaintiff complains, or whether Plaintiff has been dilatory (*see* dkt. 47). The Parties have since met and conferred regarding this matter, and they have now filed a thorough letter brief setting forth their respective positions (*see* dkt. 50). Due to the thoroughness of the Parties' submission, and pursuant to Civil Local R. 7-1(b), the undersigned finds that this matter is suitable for disposition without oral argument. For the following reasons, the undersigned finds that Plaintiff has not acted diligently during the discovery period, and that an extension of the discovery period does not appear to be warranted on the grounds asserted by him.

The essence of Plaintiff's complaint here is that Defendant's conduct operated to waste

1  much of the 8-month period that was established for the completion of discovery, while also
2  complaining that the eight-month period was, in and of itself, too "short [a] period for a case
3  involving this degree of technical complexity," (*see* Ltr. Br. (dkt. 50) at 1). The undersigned
4  disagrees with these assertions for two reasons: first, an 8-month period, if used efficiently, is a
5  significant period of time and can been used quite effectively to complete discovery in cases with
6  a significantly greater degree of complexity than the instant case; second, Plaintiff waited 7
7  months before articulating any complaints to the court about either the shortness of the 8-month
8  discovery period, or about the delays allegedly occasioned by Defendant's conduct. Plaintiff rests
9  his request for extra time on the following assertions: that UCSF reportedly refused to release
10 certain evidence (surgical screws) for examination and testing for over a year; that Defendant
11 reportedly delayed stipulating to the release of said screws; that Defendant's Rule 26 production
12 was reportedly deficient; that UCSF reportedly refused to release the screws without a court order
13 or Defendant's consent; and, as a result, Plaintiff contends that he was "not in a position to
14 effectively propound discovery until after the May 10 joint inspection, and promptly did so on
15 May 26, 2022." *See id*. at 2. Plaintiff contends that he needs the additional time to resolve
16 outstanding discovery disputes and to confer with his experts on the 3,200 pages of discovery
17 produced by Defendant on June 27, 2022. *Id*. at 3. Lastly, Plaintiff concedes that he was, at least,
18 partly responsible for the delays in the discovery process by noting that, "both parties postponed
19 elements of discovery, including initial disclosures, pending Court-ordered mediation, which took
20 place unsuccessfully on May 19, 2022. *Id*. at 2.

21 Defendant, for its part, has set forth a detailed timeline of events (spanning from March 8,
22 2021, to June 27, 2022) which reinforces the undersigned's conclusion that Plaintiff cannot blame
23 anyone but himself for his dissatisfaction with the productivity – or lack thereof – during the
24 eight-month period allotted for fact discovery in this case. *See id*. at 3-4. In short, the undersigned
25 finds that Plaintiff's request for extra time is not attended with good cause: (1) because Plaintiff's
26 complaints about the timeline with which UCSF released the screws for inspection – as well as his
27 other complaints about delays in evidentiary production should have been, but were not, presented
28 in the form of a motion to compel much earlier; and (2) because Plaintiff essentially admits that

"*both* Parties postponed elements of discovery . . . pending Court-ordered mediation, which took place unsuccessfully on May 19, 2022." *See id*. at 2 (emphasis added). Of course, May 19, 2022, is more than 7 months after the opening of the 8-month period allotted for fact discovery, and if Plaintiff had not chosen to participate in the "postpon[ing] [of] elements of discovery" for that length of time, while diligently moving to compel the discovery that he did unsuccessfully request during that period, then he would not now be in the position of asking for extra time to conduct discovery which he admittedly agreed to postpone and which he could have secured much earlier with the court's assistance. Accordingly, the undersigned finds that Plaintiff has in fact been dilatory; that his current predicament is due to his own lack of diligence; and, that his instant request for an extension of the period allotted for fact discovery is not attended with good cause.

**IT IS SO ORDERED.**

Dated: July 6, 2022

ROBERT M. ILLMAN
United States Magistrate Judge